29 C.C.P.A.(Patents)

WINCHARGER CORPORATION v. WINCHESTER REPEATING ARMS CO.
Patent Appeal No. 4527.

Court of Customs and Patent Appeals.

Dec. 29, 1941.

Irving Herriott, of Chicago, Ill., and Charles M. Thomas, of Washington, D. C., for appellant.

Hervey, Barber & McKee, of New York City (Morrison T. Hankins and Charles R. Allen, both of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents sustaining the opposition of appellee to appellant's application for registration of the notation "Wincharger" for use as a trade-mark for electrical storage batteries, the application being filed August 30, 1937. In so deciding, the commissioner reversed the decision of the Examiner of Interferences.

In its notice of opposition appellee listed various registrations by it of the word "Winchester" for use as a mark on a wide variety of articles, including one of February 7, 1922, for "flash lights and electric batteries," this being the registration upon which it principally relies.

The forms of the respective marks may be seen from the following facsimiles:

**Opposer's**

**and**

**Applicant's**

It may be said that the zigzag lines of appellant's mark are stated to be arranged for the simulation of lightning flashes.

Both parties took testimony and a somewhat elaborate record was presented, due in part to the fact that there was another controversy between the same parties involving a cancellation proceeding, and the testimony was taken concurrently in both cases. Our decision in the cancellation proceeding, which also reached us by appeal, is rendered concurrently herewith. Winchester Repeating Arms Company (Western Cartridge Company, Assignee, Substituted) v. Wincharger Corporation, 124 F.2d 189, 29 C.C.P.A., Patents, ——.

While the difference in the issues involved in the respective cases require separate decisions, it may be said that there is no serious dispute as to facts in either case, and we deem it unnecessary here to enter upon any recital of the history of the businesses of the parties additional to what is stated in our decision in the companion case.

In describing the goods involved in the instant (opposition) proceeding, the Examiner of Interferences said:

"The opposer sells a wide variety of goods, of which it seems to here rely primarily upon electric batteries. These are all of the dry cell type and, as shown by the catalogue, opposer's Exhibit 1, include heavy duty radio A, B and C batteries and smaller batteries used for flash lights, ignition, etc.

"Storage batteries, unlike dry cell batteries, are capable of being recharged and may be designed to accommodate heavy electric charges, so that they are suitable for many uses, such as house lighting, machinery operation and others for which dry batteries are impracticable. Although the two types

of batteries doubtless pertain to the same classification of goods they are quite different in structure, appearance and ordinarily in price, and for practical reasons are not as a rule competitive articles."

Following this, the Examiner of Interferences drew attention to the difference in the appearance, etc., of the marks and, citing different authorities deemed by him to be applicable, said:

"The differences in the specific characteristics of the goods and in their trade appeal and the differences in the marks here involved seem to the examiner to be cumulative in nature. The latter is persuaded that the cumulative effect thereof is sufficient to obviate any reasonable likelihood of confusion as a result of concurrent use of these marks in trade. In this connection the record seems to show that the applicant has used the mark it seeks to register in good faith, and it must be here presumed that it will continue to do so. Ward Baking Co. v. New Standard Baking Co., 71 F.2d 186, 21 C.C.P.A., Patents, 1173, 448 O.G. 764.

The decision of the commissioner was less elaborate than that of the Examiner of Interferences. After stating the issue, the commissioner said:

"That electric batteries and electric storage batteries are merchandise of the same descriptive properties seems self-evident. It appears, however, that the batteries in which opposer actually deals are all of the dry cell type; and it was the examiner's opinion that the specific differences between storage batteries and dry cell batteries, considered in connection with the differences between the marks of the parties, are 'sufficient to obviate any reasonable likelihood of confusion as a result of concurrent use of these marks in trade.'

"I am unable to agree with the examiner's conclusion. The two words 'Winchester' and 'Wincharger' contain the same number of letters, the first five and the last two being identical; they are both three-syllable words, with the accent normally on the first syllable; they do not differ greatly in sound; and, as displayed in the registration and the application, they are quite similar in appearance. I think their use on goods so nearly related as dry cell batteries and storage batteries may readily lead to confusion."

Comprehensive briefs embracing much argument and citing many authorities have been filed before us and these have been

 

carefully considered along with the oral arguments presented at the hearing.

We are unable to discern anything of an extraordinary character in the issue here presented, which, to our minds, is quite a simple one involving nothing other than the likelihood of confusion, and we deem it unnecessary unduly to lengthen this opinion by reciting and commenting upon the arguments of either party in detail. The first two paragraphs of appellant's brief read as follows:

"Western Cartridge Company, assignee, substituted for Winchester Repeating Arms Company, seeks to inhibit registration of appellant's *fancifully displayed, arbitrary and coined mark* 'Wincharger' as applied to *electric storage batteries.* The opposition is based solely on the prior registration and use by appellee of the notorious *surname and geographical word* 'Winchester', applied exclusively .to *dry cell batteries and flashlights.*

"The sole issue is whether appellant's concededly arbitrary, catchy, suggestive mark 'Wincharger', displayed in a unique and fanciful manner, when applied solely to electric storage batteries, is to be denied registration under Section 5 of the Trade Mark Act of 1905, 15 U.S.C.A. § 85, because it so nearly approaches appellee's *surname and geographical* mark 'Winchester', used in connection with dry cell batteries and flashlights, as to be likely to cause confusion in trade. (Italics quoted.)"

Substantially all that follows in the brief is in elaboration of the foregoing.

With respect to it, we may say, in the first place, that appellant concedes that storage batteries and dry cell batteries are in the same general class as was specifically held, we think correctly, by both tribunals below. Such being the case, it is obviously essential that the contesting marks be carefully scrutinized in considering the question of likelihood, of confusion. In the second place, the fact that "Winchester" may be the surname of appellee and also a geographical term is not regarded by us as being of consequence in this proceeding. The validity of appellee's mark is not under attack here. In the third place, even if it be conceded that the notation "Wincharger" is an "arbitrary and coined mark" which, as arranged by appellant, is "displayed in a unique and fanciful manner," that has little, if any, bearing upon the question of likelihood of confusion. A "coined" word may be as confusing as a well known word

which has found its way into the dictionaries.

Upon full consideration, we are of opinion that the commissioner reached the correct conclusion, and his decision is affirmed.

Affirmed.